**UNITED STATES of America,**

v.

**JOSEPH HEALTH AND BEAUTY SUPPLY, located at 3825 Broadway, New York, N.Y., Defendant.**

**No. 92 Civ. 6187 PNL.**

United States District Court, S.D. New York.

Oct. 23, 1992.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., Bart Van de Weghe, Asst. U.S. Atty., New York City, for U.S.

Scott H. Greenfield, Meyer & Greenfield, New York City, for defendant.

### MEMORANDUM AND ORDER

LEVAL, District Judge.

This is a civil forfeiture action brought by the Government against Joseph Beauty

Supply pursuant to 18 U.S.C. § 981. By Memorandum and Order dated October 14, 1992, this court denied claimant Jose Vargas' motion to reconsider and vacate an order entered by Judge Freeh (in the emergency motions part of this court) authorizing seizure of the leasehold of Joseph Beauty Supply and related property, but found that the Government had not established probable cause as to the seizure of certain bank accounts. Under authority of *United States v. All Assets of Statewide Auto Parts*, 971 F.2d 896 (2d Cir.1992), this court invited the claimant to make additional submissions as to (1) whether claimant should be permitted to occupy the seized premises for the conduct of lawful business pending trial and (2) the propriety of the seizure of $14,765 cash.

■ As to the $14,765 in cash seized from the premises, the government has demonstrated probable cause. The Government has introduced evidence supporting a reasonable inference that the cash was involved in the buying and selling of diverted prescription medications. The Government's evidence shows probable cause that claimant and others at Joseph Beauty Supply were engaged in regular, repeated traffic in fraudulently diverted prescription medications. The evidence suggests a volume of illegal business that is wholly consistent with the probability that over $14,000 was involved. Furthermore, the evidence suggests it is unlikely that a legitimate business of the size and type of Joseph Beauty Supply would have over $14,000 in cash on hand for legitimate business purposes.

Claimant has not refuted the government's case, but has instead argued that the government must show probable cause that the particular dollars are proceeds of the illegal activity. Claimant cites two cases involving deposits into bank accounts. *U.S. v. Banco Cafetero Panama*, 797 F.2d 1154, 1160–61 (2d Cir.1986); *U.S. v. $448,342.85*, 969 F.2d 474 (7th Cir.1992). These cases do not stand for the proposition that the Government must demonstrate probable cause that a sum certain constitutes proceeds of the illegal activity.

Once the Government has shown probable cause that the cash in question constitutes proceeds of the crime, the burden shifts to the claimant to show that the funds are not traceable to illegal activity.

Claimant contends that the specific transactions cited in the amended complaint, drawing inferences favorable to the Government, would implicate only $2,205 in illegal proceeds. I do not accept his argument. The evidence supports a probable cause finding that the illegal transactions of which specific evidence was found were not unique. It seems far more likely that these transactions were part of a repeated pattern. The evidence of actual transactions supports the inference of a volume of activity wholly compatible with the $14,000 amount. And, as noted above, this inference is further supported by the fact that Joseph Beauty Supply kept such a large amount of cash on its premises.

The Government has shown probable cause and claimant has failed to carry his burden of proof to the contrary.

■ As to occupancy of the leasehold, the situation is somewhat different. Both Judge Freeh and this judge have already held the preliminary seizure of the leasehold to be lawful. The question remains as to whether, in its discretion, the court should permit the claimant to occupy the seized premises, pending *adjudication* of the Government's asserted right of forfeiture. In *Statewide Auto Parts*, the Court of Appeals encouraged district courts, absent extraordinary circumstances, to "exercise their discretion to stay civil forfeiture proceedings pending the completion of related criminal proceedings against the claimants." *Id.*, 971 F.2d at 905. The Court of Appeals recommended that district courts consider "less drastic measures, such as occupancy agreements, bonds, receiverships, lis pendens, or other means for preserving the *status quo ante* seizure" until adjudication of the right to forfeiture. *Id. See also United States v. Real Property at 4492 S. Livonia Rd.*, 889 F.2d 1258, 1265 (2d Cir.1989) (approving use of "less restrictive means than sei-

zure," such as lis pendens, bonds, occupancy agreements, when possible).[1]

In the context of pre-trial seizures, the court must carefully weigh the public interest, the Government's interest in preserving what the Government asserts will be found to be "its" property, pending trial, and the hardship on the claimant and third parties if they are denied possession pending trial.

In this case, the Government's interest in the property represented by the leasehold will not be injured by allowing occupancy by the claimant pending adjudication. The Government has no intention to convert the leasehold to its own use. Indeed it is doubtful whether the Government could to so under the terms of the lease. It is clear it could not do so without paying rent. The leasehold is essentially without value to the Government. The Government's only objective in holding the leasehold is to deny access to the suspect claimants. Furthermore, unlike the case of the seized cash, allowing possession to the claimant would not expose the Government to any risk of dissipation or disappearance of its property. The status quo can be preserved pending trial while allowing the claimant to continue occupancy.

On the other hand, to deny the claimant occupancy will effectively destroy claimant's leasehold. Even if claimant prevails at trial, the leasehold will have been forfeited through default in the meantime. Excluding claimant from his business premises will in all likelihood also destroy his business.

The Government contends that its interest in protecting the public from further criminal use of the premises weighs against allowing the claimant to operate his business at Joseph Beauty Supply. To the extent that concerns for the public safety weigh in favor of the Government's posi-

tion, there are means less restrictive than sealing the premises to attain that goal, such as strict monitoring and unannounced access. The premises are not inherently dangerous, and the Government has already agreed that Vargas may use his lawful inventory to operate a store under the name of Joseph Beauty Supply at any other location. The court does not find persuasive the Government's argument that allowing the claimant to operate his lawful business at this location exposes the public to significant dangers.

I conclude as to the leasehold that the balance of equities distinctly favors allowing the claimant supervised occupancy, as suggested in *Statewide Auto Parts*.

### Conclusion

(1) The Government's seizure of $14,765 in cash was lawful and the Government shall continue to retain possession of those funds pending final disposition at trial. (2) As to the leased premises of Joseph Beauty Supply, which lawfully was seized under the court's order of August 17, 1992, the Government shall permit the claimant to occupy the premises for the conduct of lawful business under reasonable terms and conditions of supervision.

SO ORDERED.

---

1. *Cf.* 19 U.S.C. § 1614 (authority for government to accept bond in lieu of seized property under customs provisions that are incorporated by reference into 18 U.S.C. § 981). *See also In re Kingsley,* 802 F.2d 571, 579 (1st Cir.1986) (approving use of occupancy agreement and bond agreed to between parties as within court's dis-

cretion) *United States v. One Parcel of Real Property,* 767 F.2d 1495, 1496 n. 2 (11th Cir. 1985) (noting that district court entered order allowing continued use and occupancy after seizure); *Pollgreen v. Morris,* 496 F.Supp. 1042 (S.D.Fla.1980).